# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MARQUISE HARRIS, | ) |
|     *Plaintiff*, | ) Case No. 3:19-cv-359 |
| v. | ) Judge Travis R. McDonough |
| TONY PARKER, MIKE PARRIS, and HENRY BELL, | ) Magistrate Judge Debra C. Poplin |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's complaint, submitted pursuant to 42 U.S.C. § 1983 (Doc. 2), his application seeking to proceed *in forma pauperis* in this action (Doc. 1), and his motion requesting the production of documents (Doc. 4).

## I. APPLICATION OF "THREE STRIKES"

The Court finds that Plaintiff is barred from proceeding *in forma pauperis* because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if he has had three or more cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Due to the nature of the § 1983 lawsuits Plaintiff has previously filed in federal court, he has already been held subject to the "three-strike" rule in this Court. *See Harris v. TDOC Commissioner*, No. 3:19-cv-28 (E.D. Tenn. July 9, 2019) (applying three-strikes bar); *Harris v. Fenner*, No. 2:17-cv-67 (E.D. Tenn. Oct. 31, 2017) (applying three-strikes bar); *Harris v. TDOC*

*Comm'r et al.*, No. 3:16-cv-594 (E.D. Tenn. Sept. 20, 2017) (previous dismissal under § 1915(g)); *Harris v. TDOC Comm'r et al.*, No. 3:16-cv-600 (E.D. Tenn. Jan. 18, 2017) (previous dismissal under § 1915(g)); and *Harris v. TDOC Comm'r et al.*, No. 3:16-cv-615 (E.D. Tenn. Nov. 1, 2016) (previous dismissal under § 1915(g)).

Accordingly, the Court finds that Plaintiff has abused his *in forma pauperis* privileges. Therefore, Plaintiff cannot file the instant suit, or any future suit, as a pauper unless he can demonstrate that he is in imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER

The imminent-danger exception, as explained in *Vandiver v. Prison Health Services, Inc.*, "is essentially a pleading requirement subject to the ordinary principles of notice pleading." 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies to a pleading containing "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plausibility in this context means that a court informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012).

Plaintiff alleges that he was assaulted by gang members on November 14, 2017, at the Turney Center Industrial Complex and that, since his move to the Morgan County Correctional Complex ("MCCX") in May 2018, members of the same gang are "threatening to do it again." (Doc. 2, at 7–8.) He claims that this danger will increase when he completes Phase I of the Security Management Unit and is moved to another unit and that his attempts to discuss his concerns with MCCX staff have been ignored. (*Id.* at 8–9.)

The Court finds Plaintiff's allegations—that he has felt threatened since his move to

2

MCCX in 2018—too conclusory to support a determination that the imminent-danger exception of § 1915(g) applies. *See, e.g.*, *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (noting that, to satisfy the imminent-danger requirement, the threat of serious physical injury "must be real and proximate" at the time the complaint is filed). Accordingly, Plaintiff has failed to demonstrate that he is in imminent danger of serious physical injury, and he may not proceed as a pauper in these proceedings.

Moreover, Plaintiff concedes in this action that he has a pending § 1983 suit in this Court in which he alleges that he is in danger of serious harm at the hands of other inmates while housed at MCCX. (Doc. 3, at 5); s*ee Harris v. Parker*, No. 1:19-cv-106 (E.D. Tenn.) (filed Apr. 17, 2019). While the actions are not identical, they do arise out of the same facts and employ the same theories. Therefore, the Court alternatively dismisses this action because it is duplicative of another pending federal action. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (noting "the general principle . . . to avoid duplicative litigation").

## III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 1) is **DENIED** pursuant to 28 U.S.C. § 1915(g), and the instant action is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's ability to pay the filing fee in full and thereby reinstate this case. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Plaintiff's motion requesting the production of documents (Doc. 4) is **DENIED** as moot. An appropriate judgment shall enter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**